UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY J. PHILLIPS,

        Plaintiff,

                                              File No.  1:06-CV-275

v.

                                              HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Defendant.
                                             /

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant United States of America's motion to dismiss for lack of subject matter jurisdiction pursuant to FED R. CIV. P. 12(b)(1). Plaintiff Beverly J. Phillips filed a claim for assault and battery against Cary L. Seekins, the Chief of Medical Administration Service for the Veterans Affairs Medical Center in Battle Creek, Michigan, in the Calhoun County Circuit Court. The incident giving rise to the complaint took place while both Phillips and Seekins were employees of the VA Medical Center. Certification was made by the United States Attorney for the Western District of Michigan, that Seekins was acting within the scope of his employment at the time of the incident alleged in the complaint. Pursuant to the certification, the United States of America was substituted as the party Defendant under 28 U.S.C. § 2679(d)(2). The United States then removed the case to this Court as required by § 2679(d)(2).

The United States has moved to dismiss this case for lack of subject matter jurisdiction, arguing that Phillips' claim cannot be brought against the United States because she has failed to exhaust her administrative remedies pursuant to 28 U.S.C. § 2675(a) and because the United States has not waived its sovereign immunity for claims arising out of an assault and battery. *See* 28 U.S.C. § 2680(h). Phillips has challenged the substitution of the United States as Defendant, arguing that Seekins was not acting within the scope of his employment, and therefore her intentional tort claim is not barred by the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80. Accordingly, the Court's jurisdiction over this matter turns on whether Seekins was acting within the scope of his employment.

It is well settled that a plaintiff may seek judicial review of the Attorney General's scope-of-employment certification. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995); *Osborn v. Haley*, 422 F.3d 359, 362 (6th Cir. 2005). Whether an employee was acting within the scope of his employment is a question of law, made in accordance with the law of the state where the conduct occurred. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996). In Michigan, "[t]o be within the scope of employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized." *Raisig v. United States*, 34 F. Supp. 2d 1053, 1055 (W.D. Mich. 1998) (Quist, J.) (quoting RESTATEMENT (SECOND) OF AGENCY § 229 (1957)); *Bryant v. Brannen*, 180 Mich. App. 87, 99, 446 N.W.2d 847, 853 (1989) (holding that Michigan follows the Restatement (Second) of Agency in determining whether an act by an employee is within the

scope of employment). The Attorney General's certification is prima facie evidence that the employee was acting within the scope of employment. *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002) (quoting *RMI*, 78 F.3d at 1143). Therefore, the certification "shifts the burden to the plaintiff to prove by a preponderance of the evidence that the defendant federal employee was acting outside the scope of his employment." *Raisig*, 34 F. Supp. 2d at 1055 (quoting *Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1153 (4th Cir. 1997)).

In her complaint, Phillips alleges that "Defendant made an intentional and unlawful physical strike" to her left ear while she was sitting at her desk reading a newspaper and "willfully and intentionally struck Plaintiff." Compl. ¶¶ 7, 9. In addition, the limited evidence presently before the Court indicates that a medical examination conducted within an hour of the incident indicated that Phillips was mildly upset, had mild redness around her left ear and within her ear canal, and had a headache. Vol. Witness Statement, attached to Ex. B, Def.'s Reply Br. The Attorney General's certification indicates that Seekins "did touch the newspaper that Plaintiff was holding" in an apparent "attempt to greet Plaintiff and get her attention in a light-hearted or joking manner." Atty Gen.'s Cert. ¶ 7, Ex. B., Notice of Removal. Touching, in a "joking manner," the newspaper that Phillips was holding is directly contrary to the facts alleged in the Complaint. "[W]here the Attorney General's certification 'is based on a different understanding of the facts than is reflected in the complaint,' . . . the district court must resolve the factual dispute." *Osborn*, 422 F.3d at 364 (quoting *Melo v. Hafer*, 13 F.3d 736, 747 (3d Cir. 1994)). While the Sixth Circuit has held

3

that an evidentiary hearing is not necessary "where even if the plaintiff's assertions were true, the complaint allegations establish that the employee was acting within the scope of his/her employment," *RMI*, 78 F.3d at 1143, based upon the record presently before the Court, the Court cannot say, as a matter of law, that Seekins' strike of Phillips' ear was "of the same general nature as that authorized, or incidental to the conduct authorized," and thus within the scope of employment. *Raisig*, 34 F. Supp. 2d at 1055 (quoting RESTATEMENT (SECOND) OF AGENCY § 229). Accordingly,

**IT IS HEREBY ORDERED** that an **EVIDENTIARY HEARING** shall be held on **June 30, 2006 at 10:00 a.m.**, Courtroom 601, Ford Federal Building, 110 Michigan Ave. N.W., Grand Rapids, MI, 49503.


Date:     June 15, 2006            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE